Hon. Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SOUTH LAKE UNION HOTEL, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>F & F ROGERS FAMILY LIMITED PARTNERSHIP, a Washington limited partnership, DOES 1-10<br><br>Defendants. | Case No.: 2:23-cv-1868-KKE<br><br>**STIPULATED MOTION AND ORDER CONTINUING TRIAL DATE** |

## I.  RELIEF REQUESTED

COMES NOW the above captioned Parties jointly, by and through their undersigned counsel, and respectfully move this Court to continue the trial date, and the related pre-trial deadlines set forth in the Court's Order dated March 15, 2024. Dkt. No. 13. The parties have been working diligently and cooperatively in the exchange of discovery documents and in scheduling depositions. Nevertheless, the Parties have experienced delays in the completion of discovery. Accordingly additional time is necessary to complete discovery, conduct productive mediation and prepare the case for trial. Based on the foregoing, the Parties respectfully ask the Court to continue the trial date to June 30, 2025, or to the next available trial date and also continue corresponding pre-trial deadlines.

## II.  FACTS

This action arises from a dispute between the owners of two buildings located in the South Lake Union neighborhood of Seattle. Plaintiff owns the Astra Hotel located at 300 Terry Avenue

STIPULATION AND ORDER - 1

1  North, Seattle, Washington 98109. Plaintiff contends that the conditions of the neighboring Fred
2  Rogers Building have substantially damaged Plaintiff. Plaintiff filed this action alleging that the
3  conditions of the Fred Rogers Building constitute a Private Nuisance and/or a Public Nuisance. Dkt. 1.
4  Defendant generally denies Plaintiff's allegations, denies liability and has asserted numerous
5  affirmative defenses. Dkt. 9.

6      The Parties have been participating in discovery. The Parties are currently in the process of
7  finalizing the terms of a Protective Order that is necessary for further discovery and the exchange of
8  expert discovery. Further, the Parties are in the process of meeting and conferring regarding mutually
9  agreeable dates for necessary depositions as well as the appropriate scope of depositions. As discovery
10  is still ongoing in this action and not all information and/or documents have been exchanged, the
11  Parties will need additional time for both fact and expert discovery.

12      Based on the foregoing, the Parties jointly agree to a continuance of the trial date and
13  associated pre-trial deadlines as set forth herein.

14      **III.  ARGUMENT**

15      "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a
16  view towards the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).
17  Pursuant to Fed. R. Civ. P. 16 and W.D. Wash. Local Rule 16, the Court may modify the Court's
18  scheduling order for good cause shown. The "good cause" standard requires a showing that scheduling
19  deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*
20  *v. Mammoth Recs. Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

21      Good cause exists to continue the trial schedule in this case. The Parties have worked diligently
22  in exchanging discovery in this matter. A Protective Order is necessary in this action because
23  discovery in this matter involves sensitive and confidential business records. The Parties anticipate
24  agreeing and finalizing a Stipulated Protective Order for the Court's approval which will allow the
25  Parties to continue to pursue discovery in this matter. An extension of time is necessary to allow the
26  parties to fully develop their claims and defenses for trial.

27      Equally important, a continuance will allow the parties to engage in meaningful discovery that
28  will maximize the chances that this case resolves in mediation or other alternative dispute resolution

STIPULATION AND ORDER  - 2

forum. Allowing for additional time to conduct discovery will ensure that the Parties' have the necessary information to evaluate the claims and defenses before mediation.

Based on the foregoing, the Parties respectfully request the Court continue the trial date and pre-trial deadlines as follows:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Expert Witness Disclosure/Reports under FRCP 26(a)(2) | 9/3/2024 | 12/2/2024 |
| Discovery Motions | 10/2/2024 | 12/30/2024 |
| Discovery completed | 11/1/2024 | 1/30/2025 |
| Dispositive motions | 12/2/2024 | 3/3/2025 |
| Attorney settlement conference to be held by | 1/30/2025 | 4/30/2025 |
| Motions in Limine due by | 2/24/2025 | 5/26/2025 |
| Proposed jury instructions due by | 3/10/2025 | 6/9/2025 |
| Pretrial Order due by | 3/10/2025 | 6/9/2025 |
| Trial briefs to be submitted by | 3/17/2025 | 6/16/2025 |
| Proposed voir dire questions due by | 3/17/2025 | 6/16/2025 |
| Deposition Designations due by | 3/17/2025 | 6/16/2025 |
| Pretrial Conference set for | 3/21/2025 | 6/19/2025 |
| Jury Trial | 3/31/2025 | 6/30/2025 |

### IV. CONCLUSION

Based on the foregoing, the Parties hereby jointly respectfully request that the Court enter the above-stated amended case schedule and trial date.

STIPULATION AND ORDER - 3

1  DATED: September 9, 2024                    DATED: September 9, 2024

2  Murphy, Pearson, Bradley & Feeney           McNaul Ebel Nawrot & Helgren, PLLC

3

4  By s/**Nicholas C. Larson**                 By s/**Robert M. Sulkin**
   Nicholas C. Larson, WSBA #46034             Robert M. Sulkin, WSBA#
   520 Pike Street, Suite 1205                 James G. Diehl, WSBA#
5  Seattle, WA 98101                           600 University St, Suite 2700
   nlarson@mpbf.com                            Seattle, WA 98101-3143
6  Attorneys for Plaintiff                     rsulkin@mcnaul.com; jdiehl@mcnaul.com
                                               Attorneys for Defendant F&F Rogers

STIPULATION AND ORDER  - 4

**ORDER**

The Court GRANTS the parties' stipulated motion to continue the deadlines for expert reports, dispositive motion filing, and the discovery cutoff. Dkt. No. 15. The previous case schedule (Dkt. No. 13) is VACATED, and the parties are now required to follow the below case schedule to prepare this matter for trial:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Expert Witness Disclosure/Reports under FRCP 26(a)(2) | 9/3/2024 | 12/2/2024 |
| Discovery Motions | 10/2/2024 | 12/30/2024 |
| Discovery completed | 11/1/2024 | 1/30/2025 |
| Dispositive motions | 12/2/2024 | 3/3/2025 |
| Attorney settlement conference to be held by | 1/30/2025 | 4/30/2025 |
| Motions in Limine due by | 2/24/2025 | 5/26/2025 |
| Proposed jury instructions due by | 3/10/2025 | 6/9/2025 |
| Pretrial Order due by | 3/10/2025 | 6/9/2025 |
| Trial briefs to be submitted by | 3/17/2025 | 6/16/2025 |
| Proposed voir dire questions due by | 3/17/2025 | 6/16/2025 |
| Deposition Designations due by | 3/17/2025 | 6/16/2025 |
| Pretrial Conference set for | 3/21/2025 | 6/19/2025 |
| Jury Trial to begin at 9:30 a.m. | 3/31/2025 | 6/30/2025 |

DATED: September 9, 2024.

Kymberly K. Evanson
United States District Judge

STIPULATION AND ORDER - 5