Hon. Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUTH LAKE UNION HOTEL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>F & F ROGERS FAMILY LIMITED PARTNERSHIP, a Washington limited partnership; DOES 1–10,<br><br>Defendant. | No. 2:23-cv-01868 KKE<br><br>STIPULATED MOTION AND ORDER TO CONTINUE PRETRIAL DEADLINES |

## I. RELIEF REQUESTED

COMES NOW the above captioned Parties jointly, by and through their undersigned counsel, and respectfully move this Court to continue the pre-trial deadlines set forth in the Court's Order dated September 9, 2024. Dkt. No. 18. The parties have been working diligently and cooperatively in the exchange of discovery documents and in scheduling depositions. Nevertheless, the Parties have experienced delays in the completion of discovery. Accordingly additional time is necessary to complete discovery, conduct productive mediation and prepare the case for trial. Based on the foregoing, the Parties respectfully ask the Court to continue the pre-trial deadlines as set forth below.

## II. FACTS

This action arises from a dispute between the owners of two buildings located in the South Lake Union neighborhood of Seattle. Plaintiff owns the Astra Hotel located at 300 Terry Avenue North, Seattle, Washington 98109. Plaintiff contends that the conditions of the neighboring Fred Rogers Building have substantially damaged Plaintiff. Plaintiff filed this action alleging that the conditions of the Fred Rogers Building constitute a Private Nuisance and/or a Public Nuisance. Dkt. 1. Defendant generally denies Plaintiff's allegations, denies liability and has asserted numerous affirmative defenses. Dkt. 9.

The Parties have been actively participating in discovery. The Parties have exchanged written discovery and have resolved all discovery disputes through the meet and confer process. The Parties have also commenced the process of depositions and Plaintiff has served its expert report on Defendant pursuant to FRCP 26(a)(2) and the Court's September 9, 2024 Order. The Parties have also been working towards finalizing dates for third-party depositions, the deposition of expert witnesses and Plaintiff's 30(b)(6) deposition. However, due to delays related to holidays and witness unavailability, the Parties anticipate being unable to complete discovery before the currently set discovery cut-off date. Accordingly, the Parties jointly request a brief extension of certain pre-trial deadlines.

## III. ARGUMENT

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Pursuant to Fed. R. Civ. P. 16 and W.D. Wash. Local Rule 16, the Court may modify the Court's scheduling order for good cause shown. The "good cause" standard requires a showing that scheduling deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recs.*

*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists to continue the trial schedule in this case. The Parties have worked diligently in exchanging discovery in this matter and in resolving discovery disputes without the need for Court intervention. The Parties have actively exchanged written discovery and anticipate finalizing a mutually agreeable deposition schedule including third-party depositions, Plaintiff's deposition and expert witness depositions. An extension of certain pre-trial deadlines is necessary to allow the parties to finalize discovery and fully develop the claims and defenses for trial.

Equally important, a continuance will allow the parties to complete discovery in a manner that will maximize the chances that this case resolves in mediation or other alternative dispute resolution forum. Allowing for additional time to conduct discovery will ensure that the Parties' have the necessary information to evaluate the claims and defenses before mediation.

Based on the foregoing, the Parties respectfully request the Court continue the remaining pre-trial deadlines as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Expert Rebuttal Disclosures due by | 1/2/2025 | 1/24/2025 |
| Discovery Motions | 12/30/2024 | 1/30/2025 |
| Document Discovery completed | 1/30/2025 | 1/30/2025 |
| Depositions Completed | 1/30/2025 | 2/15/2025 |
| Dispositive motions | 3/3/2025 | 3/3/2025 |
| Attorney settlement conference to be held by | 4/30/2025 | 4/30/2025 |
| Motions in Limine due by | 5/26/2025 | 5/26/2025 |

| | | |
|---|---|---|
| Proposed jury instructions due by | 6/9/2025 | 6/9/2025 |
| Pretrial Order due by | 6/9/2025 | 6/9/2025 |
| Trial briefs to be submitted by | 6/16/2025 | 6/16/2025 |
| Proposed voir dire questions due by | 6/16/2025 | 6/16/2025 |
| Deposition Designations due by | 6/16/2025 | 6/16/2025 |
| Pretrial Conference set for | 6/19/2025 | 6/19/2025 |
| Jury Trial | 6/30/2025 | 6/30/2025 |

## IV. CONCLUSION

Based on the foregoing, the Parties hereby jointly respectfully request that the Court enter the above-stated amended case schedule.

DATED this 30th day of December, 2024.

MURPHY, PEARSON, BRADLEY & FEENEY

By: s/ Nicholas C. Larson
    Nicholas C. Larson, WSBA 46034

520 Pike Street, Suite 1205
Seattle, Washington 98101
Telephone: (206) 219-2008
nlarson@mpbf.com

*Attorneys for Plaintiff*

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/ James G. Diehl
    Robert M. Sulkin, WSBA No. 15425
    James G. Diehl, WSBA No. 54914

600 University Street, Suite 2700
Seattle, Washington 98101-3143
Telephone (206) 467-1816
rsulkin@mcnaul.com
jdiehl@mcnaul.com

*Attorneys for Defendant F & F Rogers Family Limited Partnership*

## ORDER

The Court GRANTS the Parties' stipulated motion to continue the discovery motion deadline and the discovery cut-off date. Dkt. No. 19. Accordingly, the Court vacates the prior case deadlines (Dkt. No. 18) and orders the following pretrial schedule:

| Action | Deadline |
| --- | --- |
| Expert Rebuttal Disclosures due by | 1/24/2025 |
| Discovery Motions | 1/30/2025 |
| Document Discovery completed | 1/30/2025 |
| Depositions Completed | 2/15/2025 |
| Dispositive motions | 3/3/2025 |
| Attorney settlement conference to be held by | 4/30/2025 |
| Joint brief on Motions in Limine due by | 5/26/2025 |
| Proposed jury instructions due by | 6/9/2025 |
| Pretrial Order due by | 6/9/2025 |
| Trial briefs to be submitted by | 6/16/2025 |
| Proposed voir dire questions due by | 6/16/2025 |
| Deposition Designations due by | 6/16/2025 |
| Pretrial Conference set for | TBD |
| Jury Trial set for 9:30 a.m. | 6/30/2025 |

**PROCEDURE FOR MOTIONS IN LIMINE**

All motions in limine shall be submitted in a joint brief that: (1) contains an introductory statement summarizing the case and the context for any disputes, with each side drafting its own statement if they cannot agree; and (2) presents each motion under a separate heading, below which the moving party will state its position and supporting legal authority, and the opposing party will do the same below that. Any agreed motions shall be noted as such. The joint brief must not exceed 12,600 words, excluding caption, date line, and signature block, with each party contributing no more than 6,300 words. Each party may submit a declaration along with the joint brief, as necessary.

IT IS SO ORDERED.

DATED: January 3, 2025

Kymberly K. Evanson
United States District Judge