UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUTH LAKE UNION HOTEL LLC,

Plaintiff(s),

v.

F&F ROGERS FAMILY LIMITED PARTNERSHIP, et al.,

Defendant(s).

CASE NO. C23-1868-KKE

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff South Lake Union Hotel, LLC, owns and operates the Astra Hotel ("the Hotel"), a neighbor of the Fred Rogers Building ("the Building") in the South Lake Union neighborhood of Seattle. Plaintiff alleges that Defendant F&F Rogers Family Limited Partnership, which owns and operates the Building, has allowed it to fall into disrepair and "to be overtaken by trespassers, graffiti, vandalism, debris and crime." Dkt. No. 1 ¶ 12. Plaintiff brings claims against Defendant for public and private nuisance, requesting damages and an injunction requiring Defendant to comply with applicable Seattle Municipal Code and Seattle Fire Code provisions in maintaining the building. *Id.*

Defendant filed a motion for summary judgment. Dkt. No. 24.[1] After Defendant's motion was filed, Plaintiff filed a motion for partial summary judgment as to liability only, arguing that

[1] This order refers to the parties' briefing by CM/ECF page number.

the only issue remaining for trial is the amount of damages suffered by the Hotel as a result of Defendant's conduct. Dkt. No. 27. As there are factual questions on causation that preclude summary judgment for either party, the Court will deny both motions.

## I. BACKGROUND

In 2012, Plaintiff purchased the property where the Hotel was built, and constructed the Hotel between 2017 and 2022. Dkt. No. 28 ¶ 4. Defendant's predecessors, Fred and Frances Rogers, purchased the Building in 1977, and leased space to the Seattle Opera from 1990 until 2018. Dkt. No. 29-1 at 15. The Building has been vacant since 2018. *Id.* In May 2022, Defendant executed a Purchase and Sale Agreement to sell the Building in November 2022. *Id.* The sale did not close, in part because Sound Transit disclosed that it was considering condemning a portion of the Building to build a new transit station that was potentially being relocated from its originally planned site on Westlake Avenue. *Id.*

The Hotel opened in July 2022, down Terry Avenue North from the Building. Dkt. No. 40-2 at 5. Since the Hotel opened, it has received complaints and negative public reviews from patrons about the Building, such as reports of threats and harassment from community members living or gathering there, observation of lewd conduct occurring at the Building and visible from the Hotel's windows, and complaints about the graffiti and criminal activity around the outside of the Building. Dkt. No. 28 ¶¶ 5–9. Numerous fires have occurred at the Building, and extinguishing at least one of them required closing surrounding streets. *Id.* The Hotel attributes certain expenses to the Building, such as increased security expenses, upgrades and discounts offered to patrons who complain, and graffiti-resistant paint. *See id.* ¶ 10; Dkt. No. 40-2. The Hotel also attributes loss of income and goodwill to the condition of the Building, given the negative public reviews referencing the Building. *See* Dkt. No. 40-2 at 7–11.

Plaintiff filed this lawsuit against Defendant seeking damages and an injunction, via claims for private nuisance and public nuisance. Dkt. No. 1; Dkt. No. 49-1 (proposed injunction terms). Since the lawsuit was filed, the City of Seattle has also initiated a proceeding seeking a warrant of abatement of a public nuisance, a judgment declaring the Building a public nuisance, an award of monetary penalties and fees, and an injunction requiring Defendant to comply with the Seattle Fire Code, the Seattle Municipal Code (hereinafter "the Code"), and the Revised Code of Washington. Dkt. No. 47-1 at 2–16.

The Court heard oral argument on the parties' cross-motions for summary judgment, which are ripe for the Court's resolution. Dkt. Nos. 24, 27, 50. The Court denies both motions for the following reasons.

## II. ANALYSIS

### A. Legal Standards

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims[,]" so that "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986). In resolving a motion for summary judgment, the court considers "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

**B. Questions of Fact Preclude Summary Judgment For Either Party on the Private Nuisance Claim.**

*1. Elements of a Private Nuisance Claim*

Washington law defines a private nuisance as follows:

> [W]hatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief.

WASH. REV. CODE § 7.48.010. The Washington Court of Appeals expanded upon this definition:

> "A nuisance includes acts that annoy, injure, or endanger the comfort, repose, health, or safety of others and that 'renders other persons insecure in life, or in the use of property.'" *MJD Props., LLC v. Haley*, 189 Wn. App. 963, 969–70, 358 P.3d 476 (2015) (quoting RCW 7.48.120). An unreasonable interference with another's use and enjoyment of property constitutes a nuisance. *Boyle v. Leech*, 7 Wn. App. 2d 535, 538, 436 P.3d 393 (2019). A defendant's conduct may interfere with the plaintiff's use and enjoyment when it inspires fear that is "'not entirely unreasonable,'" which the court described as not "unreal, imaginary, or fanciful." *Everett v. Paschall*, 61 Wash. 47, 53, 111 P. 879 (1910) (quoting *Stotler v. Rochelle*, 83 Kan. 86, 109 P. 788, 788 (1910)). This fear need not be scientifically founded. *Id*. at 50–51. "The nuisance and discomfort must affect the ordinary comfort of human existence as understood by the American people in their present state of enlightenment." *Id*. at 52.

*McDonald v. Stern*, 536 P.3d 671, 678–79 (Wash. Ct. App. 2023). A private nuisance claim thus has two elements: (1) tortious or unlawful conduct on the defendant's part (2) that substantially or unreasonably interferes with the plaintiff's use and enjoyment of the property. *See Moore v. Steve's Outboard Serv.*, 339 P.3d 169, 171 (Wash. 2014) (en banc); *Peterson v. King County*, 278 P.2d 774, 776 (Wash. 1954).

"When a statute or local ordinance declares conduct illegal, without labeling it a nuisance, it will be a considered a nuisance as a matter of law only if that conduct interferes with others' use and enjoyment of their lands." *Tiegs v. Boise Cascade Corp.*, 922 P.2d 115, 119 (Wash. Ct. App. 1996) (quoting 8 THOMPSON ON REAL PROPERTY § 67.03(a)(1), at 94–95 (David A. Thomas, ed., 1994) (cleaned up)). But where a use of property *has* been declared by court or statute to be a

nuisance, then the Court need not inquire as to whether the interference is substantial or unreasonable. *Moore*, 339 P.3d at 171. Under that circumstance, so long as there is evidence of *any* interference, the defendant's conduct constitutes a nuisance *per se*, akin to strict liability. *Tiegs*, 922 P.2d at 119–20. Nonetheless, nuisance claims require "a showing of actual harm or damages in order to avoid summary judgment." *Sui Kuen Wong v. Richards*, No. 60067-2-I, 2009 WL 1110880, at *2 (Wash. Ct. App. Apr. 27, 2009) (citing *Wallace v. Lewis County,* 137 P.3d 101, 110–11 (Wash. Ct. App. 2006); *Gaines v. Pierce County*, 834 P.2d 631, 633–34 (Wash. Ct. App. 1992)); *see also Motor Car Dealers' Ass'n of Seattle v. Fred S. Haines Co.*, 222 P. 611, 613–14 (Wash. 1924) (en banc) (affirming dismissal of a nuisance *per se* claim, noting that plaintiffs had failed to allege that unlawful conduct of defendants interfered with their use and enjoyment of property).

For the following reasons, the Court finds that although Plaintiff has presented undisputed evidence of Defendant's nuisance activity, there are questions of fact as to whether that nuisance activity caused actual harm to Plaintiff, and these questions preclude summary judgment to either party.

*2. The Court Cannot Rule as a Matter of Law on Plaintiff's Private Nuisance Claim.*

In this case, Plaintiff contends that there is ample evidence that Defendant has violated provisions of the Code prohibiting certain building conditions at all times and without exception (*e.g.*, maintaining graffiti on property, failing to secure and remove combustible materials from a vacant building, etc.), and those Code provisions at issue label the condition of the Building as a public nuisance. *See* Dkt. No. 29-1 at 45–60 (citations issued to Defendant by the City of Seattle for violations of the Code). For example, one violation states that Defendant has failed to comply with a Code provision requiring it "to eliminate insects, rodents and other pests and to remove any vegetation, litter or debris constituting a public nuisance." *Id*. at 45. The City found conditions

constituting a "high hazard" and ordered Defendant to close the Building no later than October 31, 2022, and yet the City continued to find the Building open to entry and/or in violation of standards applicable to vacant buildings on multiple occasions after this date. *See id*. at 61–100. The Code provides that if a vacant building is found open to entry after a building has been ordered closed, or if fails to satisfy the standards for vacant buildings, it is a public nuisance. *See* SEATTLE MUN. CODE § 22.206.200(F)(4)–(5) (2025).

These violation notices indicate that Defendant has failed to comply with Code provisions in a way that renders the Building a nuisance *per se*. *See Tiegs*, 922 P.2d at 120 ("When the conditions giving rise to a nuisance are also a violation of statutory prohibition, those conditions constitute a nuisance per se, and *the issue of the reasonableness of the defendant's conduct* and the weighing of the relative interests of the plaintiff and defendant *is precluded because the Legislature has, in effect, already struck the balance in favor of the innocent party*." (quoting *Branch v. W. Petroleum, Inc.*, 657 P.2d 267, 276 (Utah 1982))). Defendant does not deny that the Building is not Code-compliant and essentially concedes that it could be considered a nuisance under the Code, but argues that nonetheless, any "alleged violation" of the Code does not impact the Hotel's property interests sufficiently to state a claim. Dkt. No. 46 at 11.

Even if Plaintiff is correct that the Building constitutes a nuisance *per se*, it still must show that this nuisance caused some level of interference with its property interest, even if insignificant. *Gostina v. Ryland*, 199 P. 298, 234 (Wash. 1921) (the fact that damages resulting from a nuisance may be insignificant in amount goes to the extent of recovery, and not the right of action). It is this aspect of a nuisance claim—the requirement that a plaintiff show that a nuisance has interfered with the use or enjoyment of its property—where the parties have presented competing evidence that precludes granting summary judgment to either party.

On the one hand, Plaintiff has submitted evidence from which a reasonable factfinder could conclude that Defendant has interfered with the Hotel's property interests to at least an insignificant degree. For example, Plaintiff submitted evidence indicating that Hotel patrons negatively referenced the Building in public reviews of their stay at the Hotel. Dkt. No. 28 ¶ 8. Plaintiff argues these reviews have led and continue to lead to a loss of revenue and goodwill, which has required advertising expenses to mitigate. Dkt. 25-2 at 12, Dkt. No. 28 ¶ 9. Plaintiff also cites multiple fires caused by hazardous conditions at the Building that endanger the safety of its neighbors, including the Hotel. Dkt. No. 28 ¶¶ 5–7; Dkt. No. 29-1 at 19, 44. The Hotel also claims damages in the form of security guards, graffiti-resistant paint for the exterior of the Hotel, and upgrades/discounts provided to customers who complained about observing lewd conduct and other criminal activity at the Building from Hotel rooms. Dkt. No. 25-2; Dkt. No. 28 ¶ 8; Dkt. No. 28-3 at 6; Dkt. No. 39-4 at 2, 5, 8.

On the other hand, Defendant questions whether any of these claimed damages are in fact attributable to the Building. For example, Defendant cites other public reviews from Hotel patrons complaining about the Hotel's small room size, uncomfortable beds, uncleanliness, and rude staff, as evidence that any loss of Hotel revenue or goodwill was caused by factors unrelated to the Building.[2] Dkt. No. 44 at 9–10 (citing Dkt. No. 24 at 24–25). Defendant also argues that because Plaintiff cannot show that it selected graffiti-resistant paint for the Hotel exterior or extra security guards in direct response to a Building-related incident,[3] it should not be compensated for "prophylactic" measures it chose to take on its own accord. Dkt. No. 44 at 7; *see also* Dkt. No. 25-3 at 13, 29. Defendant likewise argues that the timing of the Hotel's advertising costs (incurred

[2] Defendant also challenges the methodology by which the lost revenue was calculated, characterizing it as a speculative "statistical fabrication[.]" Dkt. No. 24 at 22–23.

[3] Indeed, the extra security guards were hired before the Hotel opened. Dkt. No. 40-2 at 15.

before the Hotel opened) reveals that these expenses were not undertaken in response to the condition of the Building. Dkt. No. 44 at 8; *see also* Dkt. No. 25-3 at 27; Dkt. No. 40-2 at 12. Defendant notes that the Hotel failed to quantify the amount of damages it claims in the form of customer upgrades or discounts, and Defendant questions whether upgrading or moving a customer to an otherwise-unoccupied room in response to a complaint results in any financial loss to the Hotel at all. Dkt. No. 44 at 10.

Whether Plaintiff's claimed losses were caused by Defendant is a question that must be resolved by a jury. *See, e.g.*, *Sauk-Suiattle Indian Tribe v. City of Seattle*, 525 P.3d 238, 243 (Wash. Ct. App. 2023) (agreeing with defendant that whether plaintiff's harm results from defendant's action is "generally a question for the jury"). Although Defendant's damages expert's report is not in the record before the Court, Plaintiff's briefing acknowledges it for the proposition that there are questions of fact as to the extent of the damages, but nonetheless maintains that it is entitled to summary judgment on liability. *See* Dkt. No. 27 at 38–39. The Court disagrees with this characterization because Defendant not only questions the *extent* of Plaintiff's damages but disputes whether *any* of Plaintiff's claimed damages can be attributed to Defendant. In other words, Defendant rightly argues that if it did not cause any interference with Plaintiff's property interest, then it is not liable for nuisance in the first place. *See, e.g.*, *Wallace*, 137 P.3d at 110 ("A nuisance cause of action accrues when the plaintiff initially suffers some actual and appreciable harm or when the plaintiff should have discovered the basis for a nuisance action."); *Moore v. Steve's Outboard Serv.*, Nos. 41557-7-II, 44277-5-II, 2014 WL 312290, at *11 (Wash. Ct. App. Jan. 28, 2014) (finding that although nuisance *per se* has the "character of strict liability" … "the unlawful conduct must still interfere with a plaintiff's use and enjoyment of his or her land in some way for a nuisance per se claim to lie. … [E]stablishing *any* interference of a plaintiff's use and

enjoyment of property caused by acts violating a law satisfies nuisance per se, regardless of the interference's reasonableness" (emphasis added)), *rev'd in part on other grounds*, 339 P.3d 169.

Defendant cites numerous cases for the proposition that a merely unattractive or unpleasant neighbor is not an actionable nuisance. But Plaintiff has put forward evidence of monetary damages that it attributes to Defendant's conduct, which distinguishes this case from the authority concerning purely "aesthetic" disputes. *See, e.g.*, *Mathewson v. Primeau*, 395 P.2d 183, 189 (Wash. 1964) ("That a thing is unsightly or offends the aesthetic sense of a neighbor, does not ordinarily make it a nuisance or afford ground for injunctive relief."); *Zey v. Town of Long Beach*, 258 P. 492, 584 (Wash. 1927) ("It is undoubtedly true that the presence of the comfort station directly to the west and immediately in front of the residence of the appellants is not a thing to be desired. It would offend against the aesthetic sense, but this would not be sufficient to make it a nuisance."); *Hughson v. Wingham*, 207 P. 2, 3 (Wash. 1922) ("It is undoubtedly true that the presence of a slaughterhouse so near to a dwelling is not pleasant to the aesthetic sense. But this in itself would not be sufficient to constitute a nuisance."); *Rea v. Tacoma Mausoleum Ass'n*, 174 P. 961, 962–63 (Wash. 1918) ("No decision has been called to our attention wherein any court has awarded injunctive relief, rested upon the sole ground of the mere presence of a cemetery or other place of sepulture, unattended by injurious or offensive drainage or fumes, sensible to the complaining party, and our own search leads us to believe that no such decisions have been rendered.").

In summary, the factual disputes as to the existence and extent of the interference caused by Defendant's conduct must be resolved by a jury. Although Defendant vigorously disputes whether any of Plaintiff's monetary damages were in fact caused by Defendant, Plaintiff has nonetheless put forward sufficient evidence on this point to withstand summary judgment.

**C. Questions of Fact Preclude Summary Judgment for Either Party on the Public Nuisance Claim.**

"A public nuisance requires either a violation of one of the statutorily enumerated public nuisances in RCW 7.48.140, or for the plaintiff to show that the nuisance activity 'affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal.'" *Sauk-Suiattle*, 525 P.3d at 243 (quoting *Kitsap County v. Kev, Inc.*, 720 P.2d 818, 821 (Wash. 1986)). "A private person may maintain a civil action for a public nuisance, if it is "specially injurious to himself or herself but not otherwise." WASH. REV. CODE § 7.48.210.

Plaintiff does not allege that Defendant's conduct violates one of the statutorily enumerated public nuisances, but contends that it has "submitted evidence supporting the unsurprising proposition that an unmanaged blighted building that attracts criminal activity detrimentally impacts the entire community." Dkt. No. 49 at 8 (citing Dkt. Nos. 35–37 (exhibits attached to the declaration of Plaintiff's counsel)). These exhibits could support a finding that the condition of the Building has a detrimental impact on the entire community, such as evidence of multiple fires and an incident involving an armed individual barricaded in the Building during a fire. *See* Dkt. No. 37-3; *see also* Dkt. No. 47-1 at 17–21 (Seattle Fire Department notice that the Building "has been deemed unsafe and/or endangers the health or safety of the public, neighboring buildings, or fire department personnel"). Plaintiff also submitted evidence indicating that crime (*e.g.*, vehicle prowls, theft) increased in the public parking area on the side of the Building. Dkt. No. 39-3 at 2.

As with the private nuisance claim, Defendant contends that even if the Building could be considered a public nuisance, the Hotel has failed to show that the condition of the Building has been "specially injurious" to the Hotel. Dkt. No. 46 at 13–14. Defendant acknowledges that the City of Seattle has recently initiated proceedings seeking to declare the Building a public nuisance based on Defendant's alleged violations of the Seattle Fire Code, and argues that even if Seattle

were to prevail in that action, Plaintiff has not shown that the Building caused any particular injury to the Hotel. *Id*.

For the same reasons explained with respect to the private nuisance claim, the Court finds that factual disputes as to the existence and extent of the harm caused by Defendant to Plaintiff preclude summary judgment for either party on the public nuisance claim. Plaintiff has submitted evidence from which a jury could find that some or all of its damages were caused by Defendant, but Defendant's factual and legal disputes as to that evidence prevent this Court from determining as a matter of law that Defendant is liable to Plaintiff on this claim.

**D.     Defendant's Motion to Strike Is Denied.**

Defendant's opposition to Plaintiff's motion for partial summary judgment includes a motion to strike evidence submitted along with Plaintiff's motion as either hearsay or irrelevant. Dkt. No. 46 at 4–7. Hearsay evidence is generally inadmissible unless a federal statute or rule provides otherwise. Fed. R. Evid. 802; *see also* Fed. R. Evid. 801(c) (defining "hearsay" as a statement that a declarant does not make while testifying in court and that a party offers into evidence to prove the truth of the matter asserted in the statement). Only admissible facts may be considered when resolving a motion for summary judgment. *See* Fed. R. Civ. P. 56(c). But "when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence" in the summary judgment context. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

The Court will address in turn each category of evidence at issue in Defendant's motion, to explain why Defendant's motion to strike is denied.

*1. Reports of Building-Related Incidents*

Defendant seeks to strike certain paragraphs of the declaration of Marco Filice, the Hotel's general manager, wherein he references other parties' reports of fires and police presence at the Building, Hotel guests' complaints about activity at the Building, and reports of incidents involving Hotel guests and individuals around the Building. Dkt. No. 46 at 4 (referencing Dkt. No. 28 ¶¶ 5, 6, 8, 9). Defendant contends that these paragraphs and exhibits contain inadmissible hearsay. *Id.*

Filice's statements describing patron reports that his subordinate employees reported to him contains hearsay within hearsay.[4] It is possible that one layer of this hearsay could be removed at trial, if a subordinate employee was available to testify directly about the patron reports. Such testimony could provide sufficient detail about the manner in which the patron reported the incident—such as the timing of the incident vis a vis the report, the patron's emotional state at the time of the report, and any other context about the report that would bear on its reliability—that would allow the Court to find the patron reports admissible as present sense impressions or excited utterances. *See* Fed. R. Evid. 803(1)–(2). Because these statements could be produced in an admissible form at trial, the Court will not strike them from consideration at this stage in the litigation, but may revisit this issue in a motion in limine. *See Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022).

[4] Plaintiff suggests that the patron reports are not being offered for the truth of the matter asserted (that the patrons witnessed the Building-related incidents reported), but rather to show the impact of the Building on the Hotel, and are therefore not hearsay. Dkt. No. 49 at 9. It is not immediately apparent to the Court why the reports would be relevant if they do not also describe actual Building-related incidents. If, for example, a patron had seized upon the opportunity to fabricate a Building-related incident in order to obtain an upgrade or a discount, would that report prove that the Building caused harm to the Hotel? The parties may have the opportunity to address these and other questions about the patron reports at trial, depending on how and when they are offered. But for purposes of resolving the motion to strike, the Court assumes that the reports are offered for the truth of the matter asserted.

*2. Reports of Criminal Activity at the Building*

Likewise, Defendant seeks to exclude email communications between Filice and subordinate employees with respect to criminal activity the employees witnessed at the Building. *See* Dkt. No. 33-1. Because a present sense impression exception to the rule against hearsay may be applicable, the Court will deny Defendant's motion to strike these communications. *See* Fed. R. Evid. 803(1).

*3. Communications Between Filice and the City of Seattle*

Defendant seeks to strike communications between Filice and the City of Seattle as hearsay. *See* Dkt. Nos. 28-1, 28-3. The Court agrees with Plaintiff (Dkt. No. 49 at 9) that these communications between Filice and the City are not hearsay, however, because they are not offered for their truth but to show coordination between the Hotel and the City to address concerns related to the Building.

*4. Statements of the Building's Manager and an Inspection Photographer*

Defendant also seeks to strike paragraphs of a declaration of Plaintiff's counsel referencing statements made by the Building's manager, and statements made during an inspection of the Building earlier this year, arguing that these paragraphs contain inadmissible hearsay. *See* Dkt. No. 41 ¶¶ 32–33. But because the Building manager made these statements as Defendant's agent, and while he was representing Defendant at an inspection of the Building, his statements are not considered hearsay. *See* Fed. R. Evid. 801(d)(2)(D). To the extent counsel's declaration references statements made by a photographer during the inspection, regarding his need to take a break due to the mold and odors in the Building, this statement falls under the hearsay exception for a present sense impression. *See* Fed. R. Evid. 803(1). Accordingly, the Court denies Defendant's motion to strike these statements.

5. *Photographs of the Building's Interior*

Defendant also seeks to strike as irrelevant the voluminous number of pictures Plaintiff submitted of the interior of the Building. *See* Dkt. Nos. 30-3, 30-4, 30-5, 31-1, 36-1, 38-1, 39-1, 39-2. Defendant also seeks to strike screenshots of a public website where community members posted strategies for entering the Building (Dkt. No. 35), arguing that these posts are irrelevant hearsay. The Court did not rely on this evidence when ruling on the parties' cross-motions for summary judgment, and therefore denies Defendant's motion to strike it as moot.

6. *Lay Testimony*

Lastly, Defendant challenges certain portions of the Filice declaration as undisclosed expert testimony offered "under the guise of lay testimony." Dkt. No. 46 at 5–6. Specifically, Defendant challenges Filice's testimony describing his years of experience in the hotel industry, his opinion as to the importance of word of mouth and reputation in this industry, and how "hotels" use certain reports to evaluate their financial performance. *See* Dkt. No. 28 ¶¶ 11, 17, 18. Plaintiff characterizes these portions of the Filice declaration as laying the foundation for his statements, and argues that opinions based on Filice's personal experience in the hotel industry are not expert opinions. Dkt. No. 49 at 11–12.

The Court finds Plaintiff's arguments persuasive. Even where Filice may have approached a general opinion about which reports hotels, in general, use to evaluate their financial performance, he qualified this statement as based on his own experience. *See* Dkt. No. 28 at ¶ 18. Based on that qualification, the Court does not find these portions of the Filice declaration to be improper lay testimony.

For all of these reasons, the Court denies Defendant's motion to strike.

## III. CONCLUSION

For these reasons, the Court DENIES Defendant's motion for summary judgment and DENIES Plaintiff's motion for partial summary judgment. Dkt. Nos. 24, 27.

Dated this 24th day of June, 2025.

Kymberly K. Evanson
United States District Judge