UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUTH LAKE UNION HOTEL LLC, | CASE NO. C23-1868-KKE |
| Plaintiff(s), | ORDER ON MOTIONS IN LIMINE |
| v. | |
| F&F ROGERS FAMILY LIMITED PARTNERSHIP, et al., | |
| Defendant(s). | |

The parties filed a joint brief on motions in limine, in advance of their jury trial set to start on September 8, 2025.  Dkt. No. 61.  The Court discussed the motions in limine at the pretrial conference on August 28, 2025, and enters this order memorializing its oral rulings and resolving the motions that were argued at the conference.  Dkt. No. 66.  For the following reasons, the Court grants in part and denies in part the motions in limine.

## I.     BACKGROUND[1]

This action arises from a dispute between the owners of two buildings located in the South Lake Union neighborhood of Seattle.  Plaintiff South Lake Union Hotel, LLC, owns the Astra Hotel ("the Hotel") and Defendant F&F Rogers Family Limited Partnership owns the neighboring Fred Rogers Building ("the Building").  Plaintiff brings claims for private nuisance and public

---

[1] This section quotes the parties' joint introductory statement.  Dkt. No. 61 at 1.

ORDER ON MOTIONS IN LIMINE - 1

1
2

nuisance, contending that the conditions of the Building have damaged the Hotel.  Defendant denies Plaintiff's allegations, denies liability, and has asserted numerous affirmative defenses.

3

## II.    ANALYSIS

4
5
6
7
8
9
10
11
12

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  To resolve motions in limine, the Court is generally guided by Federal Rules of Evidence 401 and 403.  Specifically, the Court considers whether evidence is relevant, meaning that it "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The Court may exclude even relevant evidence, however, if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

13
14
15
16
17
18

The Court notes that the findings and conclusions in this order, like all rulings in limine, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.  *See, e.g.*, *Luce*, 469 U.S. at 41 (explaining that a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer" and that "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling").

19

With these principles in mind, the Court turns to consider the pending motions.

20

## A.    The Court Grants the Parties' Stipulated Motions in Limine.

21
22

The parties agreed to seven motions in limine (Dkt. No. 61 at 2), which the Court accepts.  Dkt. No. 6.  The Court:

23
24

ORDER ON MOTIONS IN LIMINE - 2

(1) Will exclude argument, testimony, and evidence relating to the relative wealth of Plaintiff, Defendant, Stanford Hotels Inc., Arena San Francisco LLC, and/or any other person or entity related to either party.

(2) Will exclude argument, testimony, or evidence relating to settlement communications as set forth in Federal Rule of Evidence 408.

(3) Will require the parties to provide 36 hours' notice of which witnesses will be called.[2]

(4) Will hear argument on any motions in limine outside the presence of the jury.

(5) Will exclude expert reports from the exhibits submitted to the jury, but these reports may be used for impeachment or recollection purposes.

(6) Will exclude deposition transcripts from the exhibits submitted to the jury, but the transcripts may be used for impeachment or recollection purposes.

(7) Lay witnesses, with the exception of party representatives, shall be excluded from the courtroom during the testimony of other witnesses.

**B.      The Court Denies Plaintiff's Motion in Limine No. 1.**

Plaintiff requests that the Court exclude testimony, evidence, and/or argument related to Plaintiff's motivation for bringing this lawsuit, specifically any ulterior motive such as a desire to purchase the Building at a reduced price. Dkt. No. 61 at 2. Plaintiff contends that permitting Defendant to introduce an email sent from someone apparently affiliated with Plaintiff to the Hotel's general manager, floating the idea of buying the Building in order to demolish it and eliminate the "eye sore," would allow evidence irrelevant to the elements of any claims or defenses to unduly prejudice the jury. *Id*. at 2–3 (referencing Dkt. No. 63-1 at 13–14). Defendant argues

---

[2] As discussed at the pretrial conference, however, the parties may need to revisit this agreement in light of trial scheduling. Generally the Court requires disclosure at the end of the previous trial day.

that the email at issue reveals Plaintiff's true motivation for filing this lawsuit: to drive down the purchase price of the Building. Dkt. No. 61 at 3–4.

Whether the email is credible evidence of such a motivation is for the jury to decide, and the Court finds that the underlying questions of Plaintiff's motivation and/or credibility are an appropriate area for examination at trial. *See, e.g.*, *Gofnung v. BMW of N. Am., LLC*, No.: 2:21-cv-06328-MEMF-(JCx), 2023 WL 3254976, at *5 (C.D. Cal. May 4, 2023); *Conan v. City of Fontana*, No. EDCV 16-1261-KK, 2017 WL 7795953, at *1–2 (C.D. Cal. Oct. 16, 2017). Accordingly, the Court denies this motion.

## C.    The Court Denies Plaintiff's Motion in Limine No. 2.

Plaintiff requests that the Court exclude testimony, evidence, and/or argument related to the prevalence of homelessness, graffiti, and/or drug use generally in the United States, Washington State, Seattle, and/or the South Lake Union neighborhood, unrelated to specific circumstances or events occurring specifically at the Building or the Hotel. Dkt. No. 61 at 5. Plaintiff contends that this evidence—specifically Defendant's exhibits 504–15, which include data, statistics, and reports from governmental entities on homelessness and graffiti in Seattle and King County—is not relevant to the claims or defenses and would be confusing to the jury. *Id*. Plaintiff also suggests that these exhibits were not disclosed or produced prior to the preparation of Defendant's pretrial statement, and that no defense witness can testify about or authenticate these exhibits. *Id*. at 5–6.

Defendant argues that because Plaintiff's expert report implies that none of the Hotel's competitors are impacted by graffiti or homelessness, and therefore 100% of the difference in the Hotel's performance as compared to its competitors is due to conditions at the Building, Defendant should be allowed to present evidence showing the extent of homelessness and graffiti in Seattle, within the same geographic area surrounding the competitor hotels. Dkt. No. 61 at 7–8. Defendant

emphasizes that these exhibits are public records, some of which were unavailable earlier, and that because they are government reports, they are self-authenticating under Federal Rule of Evidence 902. *Id*. at 7–9.

That the documents are self-authenticating does not render them automatically admissible, however. As discussed at the pretrial conference, Defendant will need to lay a proper foundation for a witness to discuss these exhibits. The Court declines to find at this time that no such foundation could be laid, or that they could not be discussed for a relevant purpose, and therefore the Court denies the motion without prejudice and will resolve any objections to the admissibility of these exhibits at trial.

**D.     The Court Denies Without Prejudice Plaintiff's Motion in Limine No. 3.**

Plaintiff requests that the Court exclude testimony, evidence, and/or arguments stating, suggesting or implying that the Building has been in compliance with the Seattle Municipal Code and/or the Seattle Fire Code at any time since October 2021. Dkt. No. 61 at 9. Plaintiff notes that in the summary judgment cross-motions and in the Court's order denying those motions, it appeared to be undisputed that the Building was not Code-compliant. *Id.*

Defendant contends that Code violations are irrelevant to whether the Hotel was harmed by the Building and would be unduly prejudicial. Dkt. No. 61 at 10. According to Defendant, the "proper venue for [Plaintiff] to address its concerns regarding alleged code violations is with the City of Seattle." *Id*. at 11. Defendant asserts that to the extent Plaintiff attempts to rely on any Code violations as evidence that satisfies its burden of proof at trial, this motion is an improper summary judgment motion. *Id*. at 10–11.

The Court agrees with Defendant that evidence of a Code violation "for the sake of proving a violation, as opposed to conduct that may constitute nuisance, is irrelevant[.]" Dkt. No. 61 at 10. But to the extent that a Code violation is relevant to, for example, an element of Plaintiff's public

nuisance claim, its probative value would outweigh any prejudice.  *See* Dkt. No. 65 at 17.  Also, as a threshold matter, it is not clear that Defendant intends to present evidence suggesting that the Building has been Code-compliant since October 2021.  Because this motion seeks to exclude evidence categorically, the Court will deny this motion in limine without prejudice and consider any objection in the context of specific evidence presented at trial.  *See Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence [] are generally disfavored. …  Courts have recognized that it 'is almost always better situated during the actual trial to assess the value and utility of evidence.'" (quoting *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007))).

**E.    The Court Denies Without Prejudice Plaintiff's Motion in Limine No. 4.**

Plaintiff asks the Court to exclude testimony from lay or expert witnesses regarding legal issues, legal conclusions, and weighing evidence for the jury.  Dkt. No. 61 at 11.  Plaintiff contends that Defendant's rebuttal expert, William Partin, testified in his deposition in May 2025 about what type of evidence would satisfy the causation or damages element of a nuisance claim, despite disclaiming any training as a lawyer or expertise in nuisance law.  *See* Dkt. No. 63-2 at 14, 17.  Plaintiff emphasizes that no lay or expert witness is entitled to testify as to legal conclusions.  Dkt. No. 61 at 11.

Defendant disagrees that Mr. Partin offered any legal conclusions in his deposition.  According to Defendant, Mr. Partin merely explained why he disagreed with the conclusions reached by Plaintiff's damages expert, with reference to the requirements in professional guidelines for a damages opinion.  Dkt. No. 61 at 12.  Defendant also emphasizes that this motion in limine does not seek the exclusion of any particular testimony and should be denied on this basis.

The Court agrees with Defendant that the motion in limine as currently worded is overbroad and is denied on that basis. The parties appear to agree that no expert or lay witness can offer testimony on issues of law. As such, if Mr. Partin testifies about the professional standards applicable to a damages opinion, the Court finds no reason at this time to exclude this testimony. Because Plaintiff's motion does not seek to exclude any particular testimony, the Court denies it without prejudice to raising it at trial in the context of specific testimony. *See Jackson*, 194 F. Supp. 3d at 1008.

**F.      The Court Denies Plaintiff's Motion in Limine No. 5.**

Plaintiff asks the Court to exclude testimony from Mr. Partin that exceeds the appropriate scope of a rebuttal witness permitted under Federal Rule of Civil Procedure 26, particularly testimony regarding evidence[3] and topics that Defendant did not timely disclose to Plaintiff. Dkt. No. 61 at 12–13.

Parties must disclose expert testimony "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(b)(2)(D)(i). A party may also, however, disclose rebuttal expert testimony— testimony "intended solely to contradict or rebut evidence on the same subject matter" as another party's expert—within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(b)(2)(D)(ii).

Here, Plaintiff notes that the only expert witness Defendant has identified is Mr. Partin, who is identified as a rebuttal witness: thus, Plaintiff argues that Mr. Partin's testimony must be limited to rebutting the evidence and testimony provided by Plaintiff's expert, Micah Pilgrim. Dkt. No. 61 at 12–13. According to Plaintiff, Mr. Partin's expert report and deposition testimony referenced a number of topics outside the scope of rebuttal testimony, such as the prevalence of

---

[3] At the pretrial conference, Defendant's counsel represented to the Court that Mr. Partin's testimony is based on the same customer reviews that Plaintiff produced, and therefore the evidence he relied on is known to Plaintiff. Defendant's briefing seems to acknowledge that Mr. Partin may have also "supplemented" with his own online research, however. *See* Dkt. No. 61 at 17. In the absence of specificity as to the testimony that is to be excluded on the basis of untimely disclosure, the Court denies Plaintiff's motion at this time, subject to re-raising it at trial.

1    homelessness, graffiti, and drug use in Seattle; hotel management and best practices, customer

2    reviews and guest perception at the Hotel; and the feasibility of Defendant's compliance with city

3    codes and maintenance obligations. *Id.* at 13–14. Because these topics were not addressed in Mr.

4    Pilgrim's expert report and have no bearing on his damages opinion, Plaintiff argues that Mr. Partin

5    should be excluded from offering testimony on these topics. *Id.*

6        Defendant emphasizes that it has not asserted any counterclaim, and therefore Mr. Partin's

7    testimony is, by definition, limited to rebutting Plaintiff's theory of damages. Dkt. No. 61 at 16.

8    The Court agrees that to the extent Mr. Partin frames his opinions in relation to Mr. Pilgrim's

9    opinions, they are properly offered in rebuttal. For instance, Mr. Partin's report notes that although

10   Mr. Pilgrim calculated damages for the Hotel's expenses incurred to mitigate graffiti vandalism

11   "allegedly caused by" the Building, Mr. Partin is aware of online sources describing Seattle's

12   "pervasive problem" with graffiti. Dkt. No. 62-5 at 23.[4] Much of Mr. Partin's report is similarly

13   framed, setting out Mr. Pilgrim's opinion and then explaining why, in Mr. Partin's opinion, Mr.

14   Pilgrim's conclusions and/or methodology are erroneous. *See id.* at 16–23. To the extent that Mr.

15   Partin's trial testimony is consistent with his report, the Court finds that it may be properly

16   characterized as rebuttal testimony. The Court's denial of this motion does not preclude an

17   objection to particular testimony at trial as outside the scope of Mr. Partin's expertise or the scope

18   of rebuttal testimony.

19   **G.    The Court Denies Plaintiff's Motion in Limine No. 6.**

20       Plaintiff requests that the Court exclude Mr. Partin from the courtroom while lay witnesses

21   testify. Dkt. No. 61 at 17. Plaintiff argues that because Mr. Partin has been designated as a rebuttal

22   expert, to allow him to learn more about the facts of this case via lay witness testimony "would

23

24   ---
[4] Mr. Partin did not cite the government reports that are the subject of Plaintiff's second motion in limine, however.

improperly expand the scope of information and knowledge upon which Mr. Partin is testifying." *Id*. at 17.

Federal Rule of Evidence 615 permits a court to sequester a witness from the courtroom while other witnesses are testifying, but the court may not sequester a witness that is "essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3). Defendant contends that Mr. Partin is essential to its defense and therefore should not be sequestered.

The Court agrees that Mr. Partin is essential to Defendant's defense. *See Jun Yu v. Idaho State Univ.*, No.: 4:15-cv-00430-REB, 2019 WL 254240, at *1–2 (D. Idaho Jan. 17, 2019) (refusing to sequester rebuttal experts because "[e]xpert testimony will be important to each party's trial presentations"). The Court will therefore deny this motion.

## H.    The Court Denies Defendant's Motion in Limine No. 1.

Defendant seeks to exclude Mr. Pilgrim's supplemental expert report because it was not provided until July 17, 2025 (more than three months after discovery closed), and contains new, previously undisclosed opinions on causation—despite testifying in his January 2025 deposition that he was not offering any opinions on the cause of the Hotel's alleged damages. Dkt. No. 61 at 19.

Plaintiff takes issue with Defendant's phrasing, arguing that Mr. Pilgrim adequately disclosed his opinions on the cause of Plaintiff's damages, even if he did not use the word "causation" in his initial report. Dkt. No. 61 at 20 (citing Dkt. No. 63-2 at 24–25, 31, 35–37). Indeed, Mr. Pilgrim's report provided opinions as to the Building's "overall economic impact" on the Hotel, lost revenue in certain categories, and "the impact of [Hotel] expenses that may be attributable to [the Building,]" noting that he was "unaware of any other market conditions [other than the neighboring Building] that would cause underperformance at [the Hotel] when compared to the hotel peers in the market." Dkt. No. 63-2 at 37. The Court thus finds that Mr. Pilgrim's

report draws a causal link between the damages he calculated and the presence of the Building near the Hotel. *See, e.g.*, Dkt. No. 52 at 7. As the Court previously found, "[a]lthough Defendant vigorously disputes whether any of Plaintiff's monetary damages were in fact caused by Defendant, Plaintiff has nonetheless put forward sufficient evidence on this point" to proceed to trial on the issue of causation. *Id.* at 9. When Mr. Pilgrim testified at his deposition that he was "not a causal expert," he did so in response to defense counsel's repeated questioning parsing the nature of his opinions, yet he also explained that he attributed the damages he calculated to the Building. *See* Dkt. No. 62-3 at 4–14. Despite distinctions in nomenclature, the Court finds that Defendant was on notice that Mr. Pilgrim attributed the Hotel's damages to the Building.

Because Mr. Pilgrim's supplemental report was provided more than 30 days before trial, the Court does not find it to be untimely produced. *See* Fed. R. Civ. P. 26(a)(2)(E), (a)(3)(B), (e)(2). To the extent Defendant nonetheless insists that Mr. Pilgrim's causation opinions were not provided with the required level of legal certainty (Dkt. No. 61 at 20 n.7), Defendant may probe that issue at trial.

## I.    The Court Denies Defendant's Motions in Limine Nos. 2 & 3.

Defendant requests exclusion of evidence and argument concerning damages arising from the appearance of the Building, contending that purely aesthetic complaints do not constitute actionable nuisance. Dkt. No. 61 at 21–22. For reasons explained in its summary judgment order, the Court does not find this to be a case involving purely aesthetic complaints. *See* Dkt. No. 52 at 9. The Court rejects Defendant's request to exclude Mr. Pilgrim's testimony as based on aesthetic preferences, finding that this request mischaracterizes Mr. Pilgrim's testimony.

Yet the Court agrees that photographs of the interior of the Building, which Defendant seeks to exclude in two motions in limine, may add little probative value to the claims and defenses in this case, and may be unduly prejudicial and distracting to the jury. The Court declines to

exclude any interior photographs at this time, but will instead rule on objections raised at trial as to the cumulative or prejudicial nature of the interior photographs.  As explained earlier in this order, the purpose for which the photographs and the Code violations are offered will impact the Court's evidentiary ruling as to their admissibility.

The Court finds that the probative value of the exterior photographs of the Building, which Defendant also seeks to exclude, outweighs the potential prejudice or distraction to the jury, and thus the Court denies this part of Defendant's motion.

**J.    The Court Grants Defendant's Motion in Limine No. 4.**

Defendant seeks a ruling that Plaintiff is not entitled to prejudgment interest on unliquidated damages and seeks to exclude all testimony on prejudgment interest.  Dkt. No. 61 at 25.  The Court agrees.  Although Mr. Pilgrim included an amount of prejudgment interest in his expert report (Dkt No. 63-2 at 38), Plaintiff agreed at the pretrial conference that whether Plaintiff is entitled to prejudgment interest on any damages awarded by the jury is the proper subject of a post-trial motion, rather than testimony to the jury.  Accordingly, to the extent that Defendant seeks to exclude testimony on prejudgment interest, this motion is granted.  Whether any damages awarded to Plaintiff could be considered unliquidated can be addressed in a post-trial motion, if necessary.

**K.    The Court Grants in Part and Denies in Part Defendant's Motion in Limine No. 5.**

Defendant seeks to exclude evidence and argument concerning undisclosed categories of damages.  Dkt. No. 61 at 25–26.  Specifically, Defendant contends that Plaintiff failed to timely disclose damages calculations or supporting evidence related to lost property value, lost goodwill, reputational harm, or discounts/amenities provided to Hotel patrons.  *Id*. at 26.  Plaintiff acknowledges that its initial disclosures referenced damages due to lost revenue, goodwill, and reputation harm, and that continuing damages had not yet been fully determined.  *Id*.  Plaintiff

contends that via Mr. Pilgrim's initial and supplemental reports, all damage calculations have been adequately disclosed. *Id*. at 26–27.

The Court is not aware of the portion of Mr. Pilgrim's report where he opined on or quantified damages as to lost property value or any discounts/amenities provided to Hotel patrons; neither Plaintiff's briefing on the motion nor counsel's argument at the pretrial conference identified any disclosure as to these categories. Thus, any damage calculations or evidence related to these categories will be excluded at trial. At the pretrial conference, Plaintiff clarified that any damages based on loss of goodwill and reputational harm are accounted for in Mr. Pilgrim's report as to the Hotel's "income shortfall" (*see* Dkt. No. 63-2 at 38) and thus it appears that those damages have been properly disclosed. Accordingly, damages in these categories will not be excluded.

**L.    The Court Denies Without Prejudice Defendant's Motion in Limine No. 6.**

Defendant requests that the Court preclude Hotel manager Marco Filice from offering hearsay testimony as to Hotel patrons' complaints or observations as to the Building. Dkt. No. 61 at 27. As the Court explained in ruling on Defendant's similar motion to strike, whether Mr. Filice can testify about these reports requires more information about the manner in which patrons reported their observations, as the testimony may fall under a hearsay exception. *See* Dkt. No. 52 at 12. Because the Court continues to lack information about the circumstances of Mr. Filice's hearing the patron reports, and that information may be accessible at trial, the Court denies the motion without prejudice to reconsideration in the context of trial testimony.

**M.    The Court Denies Without Prejudice Defendant's Motion in Limine No. 7.**

Defendant seeks to exclude Hotel patron complaints and reviews that reference the appearance of the Building because (1) they are hearsay to the extent they are offered for the truth of their description of the Building, and (2) aesthetic complaints are insufficient to establish actionable nuisance and are therefore irrelevant. Dkt. No. 61 at 29.

As explained with respect to Defendant's sixth motion in limine, the Court lacks the context to definitively rule on a hearsay objection at this time and therefore denies that part of the motion without prejudice to considering it at trial. Moreover, patron complaints that reference aesthetic concerns with the Building may support Plaintiff's claims if they, for example, cause a loss of revenue, goodwill, or reputation. *See, e.g.*, Dkt. No. 52 at 7. Accordingly, the Court denies this motion without prejudice to consideration in context at trial.

**N.     The Court Denies Without Prejudice Defendant's Motions in Limine Nos. 8 & 9.**

Defendant requests that the Court exclude evidence related to violations of the Seattle Municipal Code and the Seattle Fire Code that do not interfere with Plaintiff's use of its property, because the violations are irrelevant: even if Code violations could be categorized as a nuisance property by the City of Seattle, in order to prevail at trial, Plaintiff must show that Defendant's conduct caused some level of interference with its property interest. Dkt. No. 61 at 30–31. Defendant also contends that presenting numerous and voluminous notices of Code violations to the jury risks unfair prejudice and would be distracting, and that it is unnecessary because Defendant admits that it received these notices. *Id*. at 33.

Code violations may be insufficient standing alone to establish Defendant's liability for nuisance, but Defendant has not shown that the Code violations or notices thereof are irrelevant. As Plaintiff argues, the Code violations are relevant to understanding a timeline of the Building's condition as well as Defendant's notice of problems with the Building. *See* Dkt. No. 61 at 33. The Court therefore denies Defendant's motions in limine seeking to exclude evidence of Code violations but will consider any objections on relevance and/or cumulative grounds at trial. And, as addressed in the following section, the parties have leave to file an additional brief on the relationship between Code violations and nuisance *per se*, if they wish to seek further guidance from the Court on this issue before trial.

### III.     CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART the parties' motions in limine.  Dkt. No. 61.

As discussed at the pretrial conference, the parties are directed to meet and confer as to the verdict form and the scope of the parties' proposed *preliminary* instructions and shall file a joint statement on these issues no later than September 3, 2025.

Defendant also raised a concern at the conclusion of the pretrial conference regarding an alleged new theory advanced in Plaintiff's trial brief regarding specific Code violations vis a vis nuisance *per se*, and requested guidance from the Court on this issue before the start of trial. Defendant may file a brief of no longer than three pages on the issue no later than September 2, 2025.  Plaintiff may file a responsive three-page brief no later than September 4, 2025.

Lastly, consistent with Plaintiff's representations at the pretrial conference, Plaintiff is instructed to file a notice of voluntary dismissal as to the apparently unserved Doe Defendants no later than September 5, 2025.

Dated this 29th day of August, 2025.

_____
Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS IN LIMINE - 14