Hon. Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUTH LAKE UNION HOTEL, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>F&F ROGERS FAMILY LIMITED PARTNERSHIP, a Washington limited partnership, DOES 1-10,<br><br>Defendant. | CASE NO. 2:23-cv-1868-KKE<br><br>PRETRIAL ORDER |

## JURISDICTION

**Plaintiff's Position:** Plaintiff takes the position that Federal jurisdiction exist pursuant to 28 U.S.C. § 1332, based on the complete diversity of citizenship between the parties. Plaintiff takes the position that the Court has already decided issues of jurisdiction on the parties Cross-Motions for Summary Judgment and a Pretrial Order is not the appropriate venue to challenge the Court's ruling on Summary Judgment.

**Defendant's Position:** F&F disagrees that this Court has jurisdiction over the matters alleged by Plaintiff South Lake Union Hotel, LLC ("SLUH"). For the reasons stated in F&F's Motion for Summary Judgment (Dkt. 24) and F&F's Response to SLUH's Motion for Partial Summary Judgment (Dkt. 46), SLUH lacks Article III standing, and thus, this Court lacks subject matter

PRETRIAL ORDER - 1

jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1).") In denying the motions for summary judgment, the Court accepted Plaintiff's position that summary judgment should be denied because it would provide admissible evidence at trial supporting its position. Plaintiff has failed to do so.

## CLAIMS AND DEFENSES

The Plaintiff will pursue at trial the following claims:

1. Private Nuisance
2. Public Nuisance

The Defendant will pursue the following affirmative defenses and/or claims:

1. Some or all of SLUH's claims are non-justiciable.
2. Some or all of SLUH's claims are barred because their alleged damages are the proximate result of SLUH's own conduct.
3. SLUH failed to mitigate its alleged damages.
4. Some or all of SLUH's claims are barred because their alleged damages were caused by individuals or entities over which F&F had no control.
5. Some or all of SLUH's claims are barred due to lack of standing.
6. Some or all of SLUH's claims are barred because it came to the alleged nuisance.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. The Fred Rogers Building is located at 200 Terry Avenue North in Seattle, Washington 98109 (King County Parcel No. 198620-0380).
2. F&F owns the Fred Rogers Building property which includes the physical building, the loading dock, roof and lot adjoining the physical building.
3. SLUH owns the Astra Hotel which is located at 300 Terry Avenue North, Seattle, Washington 98109.

PRETRIAL ORDER - 2

4. The Astra Hotel and the Fred Rogers Building are located to the north and south of Thomas Street, respectively.

5. From 1990 until 2018 the Seattle Opera leased and occupied the Fred Rogers Building.

6. Following termination of the Seattle Opera's lease, in 2018, F&F re-took possession of the Fred Rogers Building.

7. The Fred Rogers Building has remained vacant since 2018.

8. SLUH purchased the property at 300 Terry Avenue in 2012.

9. SLUH opened the Astra Hotel on July 7, 2022.

10. In 2022, F&F hired Marian Built to manage and restore the Fred Rogers Building.

11. Marco Filice is the General Manager of the Astra Hotel.

12. In his capacity as General Manager of the Astra Hotel, each day Marco Filice reviews guest reviews from the preceding day.

13. SLUH is owned, in part, by Arena San Francisco LLC, doing business as, Stanford Hotels Corporation.

14. Lawrence Lui is the founder and President of Stanford Hotels Corporation.

15. On December 5, 2023, SLUH initiated this lawsuit.

## ISSUES OF LAW

**Plaintiff's Position:** Plaintiff's position is that the only issues of law remaining with respect to Plaintiff's claims are (1) evidentiary and procedural issues the Court will need to address on motions in limine and/or during trial and (2) instructions to the jury regarding the elements of Plaintiff's claims – including but not limited to what Seattle Municipal Code and Seattle Fire Code constitute a Public Nuisance and/or Nuisance Per Se – and available damages. Plaintiff takes the position that Defendant's proposed issues of law are an improper attempt to relitigate issues of law that the Court has already decided on the parties' Cross-Motion for Summary Judgment.

PRETRIAL ORDER - 3

**Defendant's Position:** Defendant's position is that the following are the issues of law to be determined by the Court:

1. Whether SLUH has Article III standing to maintain this action.

2. Whether SLUH has standing to pursue a private and public nuisance claim based solely on alleged violations of Seattle Municipal Code at the Fred Rogers Building.

3. Whether SLUH is precluded from seeking damages based on Astra Hotel guests' alleged disagreement with the appearance of the Fred Rogers Building.

4. Whether a rational trier of fact could conclude that SLUH suffered any damages as a result of the conditions of the Fred Rogers Building.

5. Whether SLUH has a clear legal or equitable right, a well-grounded fear of immediate invasion of that right, and the acts complained of either have or will result in actual or substantial injury to SLUH such that injunctive relief is warranted under Washington law.

6. Whether SLUH is precluded from seeking prejudgment interest on unliquidated damages identified in Micah Pilgrim's report.

7. Whether Mr. Pilgrim's untimely disclosed opinions concerning causation should be stricken.

## EXPERT WITNESSES

(a) Each party shall be limited to one expert witness as permitted and/or limited by the Court.

(b) The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1) On behalf of plaintiff;

Micah D. Pilgrim, C.P.A,
J.S. Held LLC,
18372 Redmond Way,
Redmond, WA 98052

**Nature of Expected Testimony:** Mr. Pilgrim will testify regarding his evaluation of the economic damages that the Astra Hotel has suffered as a result of the conditions of the Fred Rogers Building. Plaintiff expects that Mr. Pilgrim will testify as an expert witness concerning the opinions and basis set forth in his written reports and as addressed by him at deposition, as well as the evidence and testimony presented at trial.

(2)   On behalf of defendant.

William Partin
c/o McNaul Ebel Nawrot & Helgren
600 University Street, Suite 2700
Seattle, WA 98101

**Nature of Expected Testimony:** Mr. Partin will testify regarding SLUH's alleged damages as described by Micah Pilgrim; the opinions set forth in his written report; the evidence presented at trial relating to SLUH's alleged damages; and related issues.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a)   **On behalf of plaintiff:**

- Marco Filice, South Lake Union Hotel LLC, 300 Terry Avenue North, Seattle, Washington 98109. <u>Will Testify</u>: Marco Filice is the general manager of the Astra Hotel. Plaintiff expects that Mr. Filice will testify regarding the history of the Astra Hotel, management of the Astra Hotel, guest reviews received by the Astra Hotel, complaints the Astra Hotel has received from guests, complaints the Astra Hotel has received from guests related to the conditions of the Fred Rogers Building, and efforts taken by hotel staff to address guest complaints. Mr. Filice will also testify regarding the visible conditions of the Fred Rogers

PRETRIAL ORDER - 5

Building, the impact of the conditions of the Fred Rogers Building on the Astra Hotel, and Plaintiff efforts to mitigate the harm caused by the Fred Rogers Building. Mr. Filice will also testify regarding Plaintiff's efforts to work with Defendants to mitigate the harm caused by the Fred Rogers Building. Finally, Mr. Filice will testify generally regarding observable conditions, situations, events and impacts of the Fred Rogers Building as they related to the Astra Hotel.

- Michael Marian, Marian Built, Possible witness only: Plaintiff expects that Mr. Marian will testify regarding his knowledge of the conditions of the Fred Rogers Building, efforts taken to remediate the Fred Rogers Building, and communications with the City of Seattle related to the Fred Rogers Building.

- Michael Morgan, F&F Rogers Family Limited Partnership, Possible witness only: Plaintiff expects that Mr. Morgan will testify regarding the history of the Fred Rogers Building, the conditions of the Fred Rogers Building, efforts taken to remediate the Fred Rogers Building, communications with the City of Seattle related to the conditions of the Fred Rogers Building and the litigation between Defendant and the City of Seattle related to the conditions of the Fred Rogers Building. Plaintiff also anticipates that Mr. Morgan may testify regarding any decisions that Defendant has made as a result of or in response to the litigation with the City of Seattle.

- Dan Muncy, South Lake Union Hotel LLC, 300 Terry Avenue North, Seattle, Washington 98109. Possible witness only: Plaintiff expects that Mr. Muncy will testify regarding his knowledge regarding management and maintenance of the Astra Hotel. Mr. Muncy will also testify regarding the observable conditions of the Fred Rogers Building, the conduct of unhoused individuals at the Fred Rogers Building observable from the Astra Hotel, complaints from guest of the Astra Hotel related to the conditions of the Fred Rogers Building and work done on the Fred Rogers Building observable from the Astra Hotel.

- Lawrence Lui, Stanford Hotel Corporation, 433 California Street, Suite 700, San Francisco CA 94104. Possible witness only: Plaintiff expects that Mr. Lui will testify regarding the economic impact of the Fred Rogers Building on the Astra Hotel and Plaintiff's efforts to mitigate the economic damage caused by the Fred Rogers Building.

PRETRIAL ORDER - 6

- Alleah Pac, Stanford Hotel Corporation. <u>Possible witness only</u>: Plaintiff expects that Ms. Pac will testify regarding the efforts made by Plaintiff to mitigate damages caused by the Fred Rogers Building by entering into agreements with the Kraken and Storm sport franchises, as well as the terms of such agreements.

- Mee Mee Kiong, Stanford Hotel Corporation: <u>Possible witness only</u>: Plaintiff expects that Ms. Kiong will testify generally regarding the business operations and management of the Astra Hotel as well as Plaintiff's efforts to mitigate the damages caused by the Fred Rogers Building.

- Kenneth Alcanices, South Lake Union Hotel LLC. <u>Possible witness only</u>: Plaintiff expects that Mr. Alcanices will testify regarding Plaintiff's practice of generating and creating financial and performance reports, including but not limited to Demand 360 Reports.

- James Rogers, F&F Rogers Family Limited Partnership. <u>Possible witness only</u>. Plaintiff expects that Mr. Rogers will testify regarding the history of the Fred Rogers Building, the conditions of the Fred Rogers Building, Defendant's efforts to maintain the Fred Rogers Building, and communications between the City of Seattle and Defendant related to the Fred Rogers Building. Plaintiff also anticipates that Mr. Rogers may testify regarding the litigation between the City of Seattle and Defendant related to the conditions of the Fred Rogers Building and any decisions that Defendant has made as a result of or in response to the litigation.

(b)   **On behalf of defendant:**

- Michael Morgan, c/o McNaul Ebel Nawrot & Helgren, 600 University Street, Suite 2700, Seattle, WA 98101. <u>Will Testify</u>. Knowledge regarding the condition, history, and maintenance of the Fred Rogers Building and surrounding area; communications with representatives of SLUH; communications with representatives of the City of Seattle; and related issues. Mr. Morgan may also testify in response to testimony offered by other witnesses.

- Michael Marian c/o McNaul Ebel Nawrot & Helgren 600 University Street, Suite

PRETRIAL ORDER - 7

2700 Seattle, WA 98101. <u>Possible Witness.</u> Knowledge regarding the condition, history, and maintenance of the Fred Rogers Building and surrounding area; communications with representatives of the City of Seattle; and related issues. Mr. Marian may also testify in response to testimony offered by other witnesses.

## EXHIBITS

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag with the following information in table format:

The Parties respective positions on Exhibits are voluminous, accordingly, the parties have submitted their respective positions as Exhibit A (Plaintiff's Exhibits) and Exhibit B (Defendant's Exhibits).

The Parties' Objection Code:

| MIL | Subject of Motion in Limine |
| --- | --- |

PRETRIAL ORDER - 8

**ACTION BY THE COURT**

(a) This case is scheduled for trial before a jury on September 8, 2025.

(b) Trial briefs shall be submitted to the court on or before August 25, 2025.

(c) Jury instructions requested by either party shall be submitted to the court on or before August 18, 2025. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before August 25, 2025.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 5th day of September, 2025.

_____
Kymberly K. Evanson
United States District Judge

FORM APPROVED

_/s_Nicholas C. Larson_____
Attorney for Plaintiff

_/s_James Diehl_____
Attorney for Defendant

PRETRIAL ORDER - 9