UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUTH LAKE UNION HOTEL LLC,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>F&F ROGERS FAMILY LIMITED PARTNERSHIP, et al.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO. C23-1868-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER RCW § 4.84.185 |

      Plaintiff owns and operates a hotel across the street from a vacant building that is owned by Defendant. Dkt. No. 1. In this action, Plaintiff claimed that Defendant allowed the building to fall into disrepair and that the hotel has been harmed by the poor condition of the building. *Id*. Plaintiff and Defendant cross-moved for summary judgment, and the Court denied both motions, finding that there was a question of fact as to whether the condition of Defendant's building was the cause of Plaintiff's alleged injuries. Dkt. Nos. 24, 27, 52.

      After the conclusion of a jury trial in this matter, where the jury returned a verdict for Defendant, Defendant filed this motion for attorney's fees (Dkt. No. 105) under a Washington statute permitting an award of attorney's fees to a prevailing party where "the action, counterclaim,

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER RCW § 4.84.185 - 1

cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause." WASH. REV. CODE § 4.84.185.

In arguing that Plaintiff's claims were frivolous and advanced without reasonable cause, Defendant argues that Plaintiff

> withheld key documents that undermined its position on causation, knowingly had a witness falsify testimony on that issue, failed to conduct a reasonable inquiry into the merits of its claims before filing the complaint, and pursued its claim of causation with no supporting evidence. … [Plaintiff] made the decision to advance its claims without reasonable cause. Now it must be held responsible.

Dkt. No. 105 at 1–2. Specifically, Defendant contends that Plaintiff withheld internal booking records showing that, contrary to what Plaintiff claimed at summary judgment and at trial (that the Hotel offered discounts to patrons who complained about the vacant building), the hotel offered discounts for reasons entirely unrelated to the neighboring building and did not record any instances where a discount was offered in response to a complaint about the building. Similarly, Defendant maintains that Plaintiff did not inform its damages expert that patrons publicly complained about issues other than the building, and did not allow him to review some of the hotel's more conservative internal financial projections. Defendant also contends that Plaintiff improperly relied on an errata sheet to disclaim its damages expert's prior deposition testimony, in response to Defendant's attempt to impeach the expert at trial. Lastly, Defendant argues that

> Any reasonable investigation into [Plaintiff's] alleged damages would have revealed that it had none. The absence of any demand letter, internal analysis of damages, or memoranda to management even hinting at actual economic loss of the type sued upon prior to filing this lawsuit suggests that [Plaintiff's] damages claim was always pretext.

Dkt. No. 105 at 9.

Plaintiff disagrees, citing evidence showing that reports based on the booking records mentioned at trial were in fact disclosed during discovery, and citing Court rulings denying

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER RCW § 4.84.185 - 2

Defendant's requests to exclude Plaintiff's damages expert and denying Defendant's motion for summary judgment. Dkt. No. 107.

The Court agrees with Plaintiff that this action is not frivolous. Even if Defendant is correct that Plaintiff should have but did not disclose the booking records during discovery and that these records undercut Plaintiff's causation theory, or that Plaintiff failed to provide financial projections or patron complaints to its damages expert that undercut his opinions, this would not persuade the Court that this entire action was frivolous. The Court need not wade any further into these disputes now, post-trial, because they do not alter the Court's multiple prior rulings that Plaintiff was entitled to present its case to a jury. *See, e.g.*, Dkt. No. 52 at 9 (denying Defendant's motion for summary judgment), Dkt. No. 68 at 10 (denying Defendant's motion to exclude Plaintiff's damages expert's supplemental report), Dkt. No. 87 (denying Defendant's Rule 50 motion). Defendant did not timely move for reconsideration of those rulings, and does not do so now.

That Plaintiff's evidence of causation may have been thin and ultimately did not persuade the jury does not suggest that Plaintiff's case was frivolous as a whole. *See Biggs v. Vail*, 830 P.2d 350, 353 (Wash. 1992) (explaining that Section 4.84.185 was intended to apply to "actions which, *as a whole*, were spite, nuisance or harassment suits"); *see also Millheisler v. Lincoln High School*, No. C07-5716RJB, 2008 WL 11508805, at *2 (W.D. Wash. Nov. 3, 2008) ("Just because Plaintiff ultimately lost does not mean that all of his arguments were irrational."). Moreover, the Washington Supreme Court has also explained that "if any claims advance to trial, a trial court's award of fees under RCW 4.84.185 cannot be sustained." *State ex rel. Quick-Ruben v. Verharen*, 969 P.2d 64, 72 (Wash. 1998).

Accordingly, because the Court has explicitly found that Plaintiff's claims properly advanced to trial, it does not find that Plaintiff's action was frivolous. The Court therefore need not consider whether the action was advanced without reasonable cause. *See Chang v. Xie*, No.

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES UNDER RCW § 4.84.185 - 3

85519-1-I, 2024 WL 5245291, at *4 (Wash. Ct. App. Dec. 30, 2024) (finding that if the court concludes that an action is not frivolous in its entirety, it need not go on to assess whether it was advanced without reasonable cause in order to deny a motion for fees under Section 4.84.185). For these reasons, the Court DENIES Defendant's motion for attorney's fees.  Dkt. No. 105.

Dated this 27th day of October, 2025.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge